UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | § | Claim No: 1997A12638 |
|---|---|---|
| | § | |
| vs. | § | |
| | § | |
| Karen V. Hawkins | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 25255 Grand River Avenue Apartment 221, Redford, Michigan 48240.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,083.57 |
| B. Current Capitalized Interest Balance and Accrued Interest | $4,021.99 |
| C. Administrative Fee, Costs, Penalties | $68.72 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$6,174.28** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

    A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

    B. For attorneys' fees to the extent allowed by law; and,

    C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: Karen V. Hawkins

Address: 18951 Shiawassee Dr
Detroit, MI 48219
SSN No:

Total debt due United States as of 5/30/97:   $3,316.55

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $2,083.57 from 5/30/97 at the annual rate of 8.00%. Interest accrues on the principal amount of this debt at the rate of $0.46 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States.

On 6/27/88 the debtor executed promissory note(s) to secure loan(s) from First American Savings, Inc., Tucson, AZ under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. part 682). The holder demanded payment according to the terms of the note(s) and on 5/17/89 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $147.57, thereby increasing the principal balance due to $2,083.57.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following:

Principal:                          $2,083.57
Interest:                           $1,194.26
Administrative/Collection Costs:    $38.72
Penalties:                          $0.00

CERTIFICATION: Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

JUN 05 1997

Date

Loan Analyst
Litigation Branch

320784

88301-03

**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 64107 • ST. PAUL, MN 55164

*After lender completes application, mail HEAF copy only to this address.*

**LENDER COPY**

0933

**GUARANTEED STUDENT LOAN (GSL) APPLICATION/ PROMISSORY NOTE**

SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK-PRESS FIRMLY-OR TYPE)

1. NAME (NO NICKNAMES)
LAST: Hawkins  FIRST: Karen  M.I.: V
WHEN WERE YOU BORN: 9/12/59

4. PERMANENT ADDRESS: 19928 Faust
PERMANENT HOME PHONE: ( ) None

CITY: Detroit  STATE: Michigan  ZIP: 48219

6. U.S. CITIZENSHIP STATUS: ☒ U.S. CITIZEN OR NATIONAL
7. PERMANENT RESIDENT OF WHICH STATE: Michigan
DRIVER LICENSE: None

9. ADDRESS WHILE IN SCHOOL: 19928 Faust, Detroit, Michigan 48219

10. PHONE AT SCHOOL ADDRESS: (313) None
11. MAJOR COURSE OF STUDY: 12
12. LOAN AMOUNT REQUESTED: $1,950
13. LOAN PERIOD: 6/88 – 1/89

14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☒ NO

REFERENCES:
22a. NAME: Vanessa Hawkins  STREET: 5678 25th St  CITY STATE ZIP: Detroit, Mich 48240
NAME: Valerie & Jordan Proctor  STREET: 62904 Fourth St  CITY STATE ZIP: Romulus, MI 48174
NAME: Joan & Tyrone Hawkins  STREET: 1016 Yellowstone  CITY STATE ZIP: D., M: 48204

23a. SIGNATURE OF BORROWER: X Karen Hawkins
23b. DATE: 6-27-88

SECTION B - TO BE COMPLETED BY SCHOOL
NAME OF SCHOOL: Ross Medical Education Center
PHONE: (313) 967-3100
SCHOOL CODE: 021179

25. ADDRESS: 20820 Greenfield, Oak Park, MI 48237

30. PERIOD LOAN WILL COVER: 6/27/88 – 7/6/89
32. ANTICIPATED GRADUATION DATE: 1-6-89
33. STUDENT STATUS: ☒ FULL TIME

34. ADJUSTED GROSS INCOME (AGI): $4564.00
35. COST OF ATTENDANCE FOR LOAN PERIOD: $7,858.—
36. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: $2,200.—
37. EXPECTED FAMILY CONTRIBUTION: $39.—

SIGNATURE OF SCHOOL OFFICIAL: X Cora L. Durham
DATE: 6-27-88
NAME AND TITLE: Cora L. Durham F.A.O.

SECTION C - TO BE COMPLETED BY LENDER
44. NAME OF LENDER: FIRST AMERICAN SAVINGS, INC.
45. ADDRESS: 4380 N. CAMPBELL TUCSON, AZ 85718
46. LENDER CODE: 830909

SECTION D - TO BE COMPLETED BY HEAF
PRINT NAME AND TITLE: BONNIE EICHHORN/VICE PRES
DATE SIGNED: 7/26/88

F40-60 6-87
GSL-304

BEST COPY AVAILABLE AT TIME OF FILMING

## GSL PROMISSORY NOTE

### A. PROMISE TO PAY

The Interest, Guarantee Fee, and Origination Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

1. Interest on the unpaid principal balance. The applicable interest rate on this loan will be determined in the following manner: If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as that of my other loan(s). If I have no outstanding Guaranteed Student Loan, the applicable interest rate on this loan will be 8%. I understand that if I am eligible for interest benefits, the interest will be paid by the Secretary of Education (Secretary) for the period I am in school on at least a half-time basis, (b) during the grace period under Repayment in this Note, and (c) during the time my loan payments are deferred as allowed by and described under Deferment in this Note. If I am a "new borrower" (defined below) with a period of enrollment beginning on or after July 1, 1988, my applicable rate on this loan will be 8% through the fourth year of repayment. Beginning on the first day of the fifth year of repayment, my applicable interest rate on the loan will be 10%. A "new borrower" is one who has no outstanding balance on a GSL, PLUS, ALAS, SLS or Consolidation Loan on the date he or she signs the promissory note for a loan to cover an enrollment beginning on or after July 1, 1988.

2. **The Guarantee Fee**
HEAF may charge a fee to guarantee my loan. The amount, if any, is governed by law, applicable regulations and HEAF policy and Rules and Regulations. The Guarantee Fee will be deducted proportionately from each disbursement for applications received after July 1, 1987. I understand that this charge is not subject to refund except for that attributable to any disbursement I do not receive, which refund will, at the lender's option, be applied to my loan balance or be returned to me. My loan disclosure statement will reflect the actual guarantee fee charged.

3. The Origination Fee will be deducted from the proceeds of the loan. The fee is defined by federal law and will be reflected on my disclosure statement. Origination fee is refunded, pro rata, on undisbursed amounts, if the loan is repaid in full within 120 days of disbursement, if the loan check is not cashed within 120 days of disbursement, or if the check is returned to the lender uncashed.

### B. DISCLOSURE OF LOAN INFORMATION

I understand that before I receive my first loan check, my lender will send me a disclosure statement that identifies all the terms of my loan.

### C. GENERAL

I understand that the lender has applied for guarantee coverage of this loan from Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to the terms of the Promissory Note and be interpreted in accordance with Title IV of the Higher Education Act of 1965, as amended, ("the Act"), federal regulations under the Act, and the Rules and Regulations of HEAF. To the extent not governed by law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

### D. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin later than the end of my grace period.

However, during the grace period I may request that the repayment period begin earlier. My grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

1) The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payment made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect the interest from me. I may, however, choose to pay this interest myself.

2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under Deferment in this Note.

3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with Rules and Regulations of HEAF governing the GSLP.

4) I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
a. If during the grace period, I request a shorter repayment period, the lender may grant me a shorter period.
b. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding, we — pay toward principal and interest at least $600 of the unpaid principal of all such loans (plus interest), whichever is less.
c. If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.
5) If, during the grace period, I request a shorter repayment period, the lender may grant a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
6) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 4 of this Section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
7) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.
8) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

### E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

### F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

### G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment (as described in this Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

BEST COPY AVAILABLE
AT TIME OF FILMING
AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student Loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.



SIGNATURE X _____ DATE 1-22-90
TITLE _____

### BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in my application for this loan is true, complete and correct to the best of my knowledge and belief and is made in good faith. At my lender's option, I authorize the lender to make my loan check(s) jointly payable to me and my school. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend or HEAF to release to the lending institution, subsequent holder or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, prior loan history, current address). I also authorize the lender, subsequent holder, their agent, the educational institution or HEAF to make inquiries to or respond to inquiries from my parents, or prior or subsequent lenders or holders with respect to my loan application and related documents. I also authorize the lender, subsequent holder, their agent or HEAF to release information and make inquiries to the persons I have listed in my loan application as references, for the purposes of (a) locating my current address and telephone number. I certify that the proceeds of this loan is used for educational purposes for the academic period stated on the loan application at the educational institution named on the application. I understand that in the case for repaying any funds I receive that cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that I am a borrower eligible for participation in the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

### SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at the institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and the School Certification is true, complete, and correct to the best of my knowledge and belief.